UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID M. OMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-375-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff David M. Omes brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and conventionally filed the administrative record (Doc. No. 16, hereinafter "R.__"). The parties have briefed their positions, and the case is now ready for decision. For the reasons discussed below, it is recommended that the Commissioner's decision be REVERSED AND REMANDED.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff's application for DIB is before the Court following 10 years of administrative proceedings. Plaintiff protectively filed his application for DIB on

February 6, 2004. R. 62, 103. Plaintiff alleged a disability onset date of January 1, 2002, and sought benefits on the basis of multiple impairments, including: constant multiple joint pain; gout; fatty liver; tinea pedis; gastroesophageal reflux disease or "GERD"; constant diarrhea; and problems with his stomach, right elbow, and arm, knees, and back. R. 62, 79. Following a hearing, the assigned Administrative Law Judge ("ALJ") issued an unfavorable decision on June 30, 2006. R. 509-22, 1806-32. Plaintiff sought and was granted review by the Appeals Council. R. 525-38. In remanding, the Appeals Council cited multiple errors in the ALJ's evaluation of Plaintiff's impairments and in the ALJ's evaluation of the findings of state agency physicians and the disability rating assigned Plaintiff by the U.S. Department of Veterans Affairs ("VA"). R. 525-26.

Following further administrative proceedings and another hearing before the same ALJ as prior to remand, Plaintiff's DIB application was denied for the second time on December 22, 2008. R. 556-66, 1777-1805. Plaintiff again was successful in seeking review by the Appeals Council. R. 567-77. In a second remand, the Appeals Council instructed the ALJ to resolve the following issues:

- The Administrative Law Judge found the claimant's severe impairments included migraine headaches and diarrhea, but the established residual functional capacity does not contain any limitations caused by such impairments. Further evaluation of the claimant's residual functional capacity is necessary.
- The decision does not contain an evaluation of the weight given a Veterans Administration rating of disability. Further evaluation of this determination pursuant to Social Security Ruling 06-3p is necessary.

R. 568 (citations omitted). The Appeals Council also specified that the case was to be assigned to a different ALJ upon remand. R. 569.

Plaintiff therefore appeared and testified at an administrative hearing before a different ALJ on November 9, 2011. R. 1730-76. In addition to Plaintiff, a vocational expert appeared and testified at the hearing. R. 1732, 1771-74. The ALJ issued an unfavorable decision on June 29, 2012. R. 17-30.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of January 1, 2002, through his date last insured of December 31, 2006. R. 19; *see* 20 C.F.R. §§ 404.131, .1571. At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical disc disease, obesity, fibromyalgia, dysthymic disorder, residuals of gall bladder surgery, hiatal hernia, gout, back disorder, headaches, and posttraumatic stress disorder. R. 19-23; *see* 20 C.F.R. § 404.1520(c). At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 23-25; *see* 20 C.F.R. § 404.1520(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his impairments. R. 25-28; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (e). The ALJ found that Plaintiff had the RFC to perform light work, with additional limitations, during the relevant time period:

> [T]he claimant had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for

> about 6 hours in an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead. The claimant can frequently reach, handle and finger with right upper extremity. The claimant can understand, remember and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but have occasional contact with the general public. The claimant can perform only indoor work and cannot work in tandem.

R. 25; *see* 20 C.F.R. § 404.1567(b) (defining "light work"). Based on this RFC assessment, the ALJ determined at step four that during the relevant time period Plaintiff was unable to perform any of his past relevant work of utility worker, municipal maintenance worker, portojohn manager, construction worker, and marine, all of which were performed at a physical exertion level of medium or above. R. 28; *see* 20 C.F.R. §§ 404.1520(f), .1567(c).

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 29. Taking into consideration a vocational expert's testimony regarding the degree of erosion to Plaintiff's occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform the occupations of packaging machine operator, laundry worker, and document preparer. R. 29. The ALJ held that all of these occupations offer jobs that exist in significant numbers in the national economy. R. 29; *see* 20 C.F.R. §§ 404.1520(g), .1545(a)(5)(ii), .1566. Therefore, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 29.

Plaintiff's request for review of this determination by the Appeals Council was

4

denied on February 13, 2013.  R. 9-12.  Thus, the June 29, 2012, determination of the ALJ is the Commissioner's final decision on Plaintiff's DIB application.  S*ee* 20 C.F.R. § 404.981.  Thereafter, Plaintiff commenced this appeal.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied.  *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted).  The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met.  *Wall*, 561 F.3d at 1052 (internal quotation marks omitted).  While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

Plaintiff raises two primary claims of error on appeal.  First, Plaintiff contends that

the ALJ erred as a matter of law in failing to properly evaluate the disability rating Plaintiff had received from the VA during the relevant time period. *See* Pl.'s Br. (Doc. No. 18) at 18-23; Pl.'s Reply Br. (Doc. No. 20) at 5-7.[1] Second, Plaintiff argues that the ALJ's RFC assessment is legally flawed and not supported by substantial evidence in regards to Plaintiff's impairments of migraine headaches and diarrhea. *See* Pl.'s Br. at 12-18; Pl.'s Reply Br. at 2-5.

### A. *Whether the ALJ Failed to Properly Evaluate Plaintiff's VA Disability Rating*

Plaintiff served in the U.S. Marine Corps from 1984 to 1992 and thereafter received disability compensation from the VA. R. 113-33, 551-55; *see* R. 1735. On April 15, 2003, the VA issued a Rating Decision finding that Plaintiff's combined disability rating was 70%, with that rating based upon multiple joint pain due to undiagnosed illness (40%); hiatal hernia with GE reflux/gastroenteritis/esophageal stricture (30%); tinea pedis (30%); and dysthymic disorder claimed as depression associated with multiple joint pain as due to undiagnosed illness (10%). R. 113-25, 126, 551-55.[2] The record also reflects that Plaintiff's conditions of fractures in his left hand and nasal bone were considered by the

---

[1] References to Plaintiff's Briefs use the ECF pagination.

[2] VA disability compensation is a monthly tax-free benefit paid to veterans who are at least 10% disabled due to injuries or diseases that were incurred in or aggravated during active duty, active duty for training, or inactive duty training. The benefit amount is graduated, in increments of 10%, according to the degree of the veteran's disability (i.e., from 10% to 20% and up to 100% percent). If a veteran has multiple disabilities, the VA calculates a combined disability rating that is not equal to the sum of its parts. For instance, if a veteran has one disability rated 60% and a second disability rated 20%, the veteran's combined rating is not 80%. U.S. Dep't of Veterans Affairs, *Disability Compensation*, http://www.benefits.va.gov/COMPENSATION/types-disability.asp (last updated Oct. 22, 2013).

VA, but the VA assigned each of these conditions a disability rating of 0% during the relevant time period. R. 554. The VA determined that Plaintiff was entitled to 100% of benefits for individual unemployability based on his disabilities, effective May 9, 2002. R. 114. The VA held in this Rating Decision that Plaintiff "is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities" and advised Plaintiff, "Your service connected disabilities are currently shown to be of such severity that further substantial gainful employment would be precluded by resolving doubt in your favor." R. 125.

Social Security regulations and rulings, as well as Tenth Circuit authority, provide instruction to the Commissioner in considering a finding of disability from another agency such as the VA. Pursuant to Social Security Ruling ("SSR") 06-3p, the Commissioner is "required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies." SSR 06-3p, 2006 WL 2329939, at *6 (Aug. 9, 2006). Evidence of another agency's disability decision is "not binding" upon the Commissioner, but such evidence is "entitled to weight," "cannot be ignored[,] and must be considered." *Id.*; 20 C.F.R. §§ 404.1504, .1512(b)(5); *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (internal quotation marks omitted). The Tenth Circuit has instructed that an ALJ "must consider" another agency's assessment "and explain why he did not find it persuasive." *See Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

The requirement placed on ALJ to evaluate another agency's disability decision can further extend to the evidence that was underlying that agency's decision.

7

> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules. We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527, . . . Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence."

SSR 06-3p, 2006 WL 2329939, at *7.

In the instant case, the Appeals Council expressly found that the second denial of Plaintiff's DIB application was improper because it did not include "an evaluation of the weight given" to Plaintiff's VA disability rating. R. 568. The Appeals Council prescribed in the most recent remand: "Upon remand, the [ALJ] will . . . [e]valuate the Veterans Administration disability rating pursuant to Social Security Ruling 06-3p and provide rationale for the weight given such determination." R. 568.

In issuing the decision that is challenged in the current appeal, the ALJ expressly recognized that the Appeals Council had directed him to "evaluate the Veterans Administration disability rating" upon remand. R. 17. To that end, the ALJ's decision twice referenced the VA's 2003 disability finding. First, the decision noted as part of the RFC finding:

> The [VA] found the claimant to be 100% disability as of May 9, 2002, for multiple joint pain due to an undiagnosed illness. The claimant reported constant joint and muscle pain with flare-ups at least once or twice a week. The claimant reported he was unable to walk more than two blocks. His physical examination noted tenderness of the spine, thighs, low back, cervical spine and shoulder. However, medical records noted the claimant had an unremarkable MRI of the lumbar spine on May 5, 2006. Consultative examination MMPI indicated questionable validity or over report of his depression symptoms. The claimant testified at his hearing that he was able

8

> to use a riding lawn mower and a weed eater to care for his lawn. The claimant's watery stool cause [sic] significant difficulty, but the claimant reported to VA staff that when he ceased alcohol use, he did not experience abdominal pain, and his stools were not as frequent.

R. 26. Second, the ALJ stated that Plaintiff had testified at the November 2011 hearing that he currently was receiving 100% disability from the VA. R. 26.[3]

This discussion was not sufficient to "comply with the directives of the Appeals Council on remand." The ALJ did not, as directed, adequately "evaluate" the VA disability rating or "provide rationale for the weight given" to that rating. *See Scott v. Chater*, No. 95-7015, 1995 WL 694084, at *4, *6 (10th Cir. Nov. 24, 1996) (indicating that reversal of determination was based, in part, upon ALJ's failure to consider certain medical evidence as directed on remand); R. 568. *See generally* 20 C.F.R. § 404.977(b) ("The [ALJ] shall take any action that is ordered by the Appeals Council . . . .").

More significantly, the ALJ's cursory treatment of Plaintiff's VA disability finding is insufficient pursuant to SSR 06-3p and governing authority. First, the ALJ does not consider the entirety of the VA's findings. Plaintiff's multiple joint pain is only *one* of multiple disabling impairments considered by the VA in making its determination that Plaintiff was 100% unable to work. *See* R. 114, 125, 554-55; *supra* note 2 and accompanying text. The VA's Rating Decision makes clear that it focused upon multiple joint pain because Plaintiff had specifically appealed the VA's assignment of 40% disability to that condition. *See* R. 114, 124-25. By in turn focusing on that condition in his discussion of the VA's disability finding, to the diminishment or outright exclusion of other

---

[3] This point actually was made by Plaintiff's attorney during opening argument rather than during Plaintiff's testimony. *See* R. 1735.

9

of Plaintiff's conditions, the ALJ failed to adequately consider and analyze the VA's findings.

Taken altogether, the ALJ's discussion of the VA's disability finding does not adequately and reasonably "evaluate" the VA disability rating and does not "explain why [the ALJ] did not find it persuasive." SSR 06-3p, 2006 WL 2329939, at *6; *Grogan*, 399 F.3d at 1262. Nor does the ALJ discuss what "weight," if any, he assigned to the VA rating. *See Grogan*, 399 F.3d at 1263. Rather, the ALJ recites two of the complaints made by Plaintiff that were summarized in the VA's Rating Decision—i.e., constant joint and muscle pain and inability to walk more than two blocks—and notes the tenderness points that were found in a physical examination. R. 26, 124-25. The ALJ then follows with four discrete statements referring to other items of evidence and testimony. R. 26. The ALJ does not explain the connections or inconsistencies, if any, between these stated items and the VA's 100% disability finding. The decision therefore fails to provide the requisite analysis and rationale for whatever weight was assigned to the Rating Decision (which likewise is not specified). For example, the ALJ does not adequately explain the apparent significance of an MRI of only the lumbar spine in May 2006 when counterposed to Plaintiff's reports of tenderness of his spine, thighs, lower back, cervical spine, and shoulder in the April 2003 Rating Decision, when the relevant period for a potential onset of disability ran from January 1, 2002, to December 31, 2006. R. 26; *see* R. 125, 506. *Compare Baca*, 5 F.3d at 480 (holding that ALJ should have considered VA disability rating made prior to expiration of claimant's insured status), *with Kralicek v. Apfel*, No. 99-1300, 2000 WL 1153288, at *1, *3 & n.4 (10th Cir. Aug. 15, 2000) (affirming despite ALJ's minimal mention of a VA

disability rating where VA did not give claimant a 100% disability rating until two years after claimant's insured status expired).

Citing to various items of evidence that were expressly considered by the ALJ throughout the opinion, the Commissioner asserts that the ALJ gave proper reasons for seemingly rejecting the VA's finding in totality. *See* Def.'s Br. (Doc. No. 19) at 13-14. Absent any evaluation of this evidence by the ALJ *in connection with and in reference to* the VA disability finding, however, the undersigned cannot say that this portion of the decision reflects the ALJ's basis for rejection of the VA Rating Decision without improperly engaging in improper conjecture and post hoc reasoning. *See Grogan*, 399 F.3d at 1263 ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

"[T]he ALJ's failure to discuss the significance of the VA's disability evaluation," together with his failure to explain what weight was given to that evaluation, does not conform to the directives of SSR 06-3p and undermines the ALJ's assessment and findings. *See id.* at 1263. In reversing a denial of benefits under similar circumstances, the Tenth Circuit held that an ALJ's "summary treatment" of a VA disability rating was "inadequate under the standard announced in *Grogan*" and "affected the disability analysis as a whole." *Kanelakos v. Astrue*, 249 F. App'x 6, 9 (10th Cir. 2007); *see also Scott*, 1995 WL 694084, at *1 ("Legal error in weighing the evidence is grounds for reversal."). This matter should be remanded for further consideration by the Commissioner. *See* SSR 06-3p, 2006 WL 2329939, at *6-7; *Kanelakos*, 249 F. App'x at 8, 9.

Further, the record reflects that there was relevant medical evidence relied upon by the VA in issuing its Rating Decision that was not before the ALJ when he issued his disability determination. *See* R. 124 (referencing a VA examination dated March 3, 2003), 129-30 (referencing a QTC examination[4] dated July 23, 2003). The ALJ did not consider whether the non-record opinion evidence cited by the VA "may provide insight into [Plaintiff's] mental and physical impairment(s)," and the ALJ did not evaluate this evidence "in accordance with 20 CFR 404.1527, . . . Social Security Rulings 96-2p and 96-5p," and other relevant factors for weighing opinion evidence, despite the express guidance of SSR 06-3p. *See* SSR 06-3p, 2006 WL 2329939, at *7.

Contrary to the Commissioner's suggestion, *see* Def.'s Br. at 12, evidence in the record generated by Plaintiff's treatment at the VA Hospital in Oklahoma City cannot be conflated to equate to the specific evidence that was in front of the VA when that agency issued its Rating Decision. There is no indication that the ALJ considered whether it was necessary to attempt to obtain any of this latter-type evidence that was not already in the record. Such a failure is contrary to the instructions of SSR 06-3p and relevant authority. *See* SSR 06-3p, 2006 WL2329939, at *7; *cf. Zevely v. Barnhart*, 94 F. App'x 722, 724-25 (10th Cir. 2004) (reversing where "the ALJ breached his duty to develop the administrative record by failing to obtain and consider evidence associated with any disability ratings that plaintiff has received from [VA]"); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[T]he ALJ . . . must discuss the uncontroverted evidence he chooses not to rely upon, as

---

[4] QTC is a major private provider of government-outsourced occupational disability examinations and diagnostic testing services. *See* QTC: A Lockheed Martin Company, http://www.qtcm.com (last visited Aug. 26, 2014).

well as significantly probative evidence he rejects.").

On remand, the ALJ should expressly consider the VA's 100% disability rating—including the evidence used by that agency in making that rating—and "explain the consideration given" to this rating in a manner that complies with governing authority and makes clear to a reviewing court that the ALJ's findings are supported by substantial evidence. *See* SSR 06-3p, 2006 WL 2329939, at *7; *Grogan*, 399 F.3d at 1261-63; *Scott*, 1995 WL 694084, at *5.

### B. *Whether the ALJ's RFC Otherwise Contains Reversible Error*

In light of the recommended disposition of this matter, the undersigned need not address Plaintiff's contention that the RFC determination was legally flawed and not supported by substantial evidence in regard to Plaintiff's impairments of migraine headaches and diarrhea. *See* Pl.'s Br. at 12-18; *Kanelakos*, 249 F. App'x at 9. Upon remand, however, the ALJ should remain mindful of the outstanding directives issued by the Appeals Council, including those instructions relevant to proper determination of the RFC and to the possible need for medical expert evidence to clarify the nature and severity of Plaintiff's impairments. *See* R. 568-69.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be REVERSED and REMANDED for further proceedings consistent with this opinion.

13

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by September 12, 2014. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED on this 29th day of August, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE